IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-11-108-C |
| ) | |
| MICHAEL STEVEN MORGAN, ) | |
| WILLIAM ANDREW SKEITH, ) | |
| and N. MARTIN STRINGER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Following the close of Plaintiff's evidence, Defendants moved for Judgment of Acquittal as provided by Fed. R. Crim. P. 29(a). After hearing the arguments of counsel, considering the evidence presented by Plaintiff, considering the allegations of the Indictment, and reviewing the applicable law, the Court determined that all counts against Defendant Skeith should be dismissed. For the same reasons, the Court dismissed the "Tenaska" Counts against Defendant Stringer (Counts 30-62). This Order memorializes and explains those rulings.

Fed. R. Crim. P. 29(a) states in pertinent part: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Tenth Circuit has delineated the applicable standard for the Rule:

> Our Circuit has stated the rule as requiring the trial court, in considering a motion for acquittal, to view the evidence in the light most favorable to the government and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt.

United States v. White, 673 F.2d 299, 301 (10th Cir. 1982) (citations omitted). Applying this standard to the evidence presented on the crimes charged against Defendants Skeith and Stringer, the Court finds the evidence was not substantial. Rather, Plaintiff's offered proof was nothing other than inference piled on inference. As the Circuit has held, while reasonable inferences are permissible, combining a cascade of inferences to establish an element of a charged crime is impermissible. See United States v. Toles, 297 F.3d 959, 974 (10th Cir. 2002); United States v. Butler, 494 F.2d 1246, 1252 (10th Cir. 1974); Direct Sales Co. v. United States, 319 U.S. 703 (1943). Nor may a conviction be based on mere speculation or conjecture. United States v. Jones, 44 F.3d 860, 863 (10th Cir. 1995). After viewing the evidence presented by Plaintiff in the light most favorable to Plaintiff, the Court finds that a conviction of Defendant Skeith on any Count or Defendant Stringer on the "Tenaska" related Counts could be obtained only by violating these standards. Accordingly, acquittal is proper.

For the reasons set forth herein and stated in open court, Defendant Andrew William Skeith's oral motion for acquittal is GRANTED. All charges against this Defendant are DISMISSED. Likewise, Defendant Stringer's oral and written motion for acquittal (Dkt. No. 160) is GRANTED in part. Counts 30-62 against Defendant Stringer are DISMISSED.

IT IS SO ORDERED this 8th day of March, 2012.

ROBIN J. CAUTHRON
United States District Judge