# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
    )
          Plaintiff,    )
    )
      vs.    )     No. CR-11-108-C
    )
MICHAEL STEVEN MORGAN,    )
    )
         Defendant.    )

## MEMORANDUM OPINION AND ORDER

Defendant Morgan was convicted by a jury on Count 63, which charged him with accepting a bribe. Defendant has filed a Motion for New Trial pursuant to Fed. R. Crim. P. 33, arguing three grounds. First he challenges certain jury instructions arguing they improperly stated the law. Second, he argues that Plaintiff failed to disclose certain exculpatory information related to a witness against him, namely Sam Crosby. Third, Morgan argues that the Court's earlier denials of his Fed. R. Crim. P. 14 Motions to Sever were in error.

"[A] motion for new trial is regarded with disfavor and should only be granted with great caution." United States v. Quintanilla, 193 F.3d 1139, 1146 (10th Cir. 1999). Put another way, the Court should grant a new trial if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" United States v. Gabaldon, 91 F.3d 91, 93-94 (10th Cir. 1996) (quoting United States v. Evans, 42 F.3d 586,

593 (10th Cir. 1994)).  With these standards in mind, the Court turns to the substance of

Defendant's arguments.

**1.  Instruction Errors**

Defendant raises a number of challenges to the instructions given by the Court.

However, at trial, Defendant did not object to the instructions.  Accordingly, errors in the

instructions, if any, are viewed under the plain error standard.  <u>See</u> Fed. R. Crim. P. 30(d):

> A party who objects to any portion of the instructions or to a failure to give a
> requested instruction must inform the court of the specific objection and the
> grounds for the objection before the jury retires to deliberate. . . .  Failure to
> object in accordance with this rule precludes appellate review, except as
> permitted under Rule 52(b).

"Plain error exists only where (1) there was error, (2) that is plain, (3) that affects substantial

rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial

proceedings."  <u>United States v. Robertson</u>, 473 F.3d 1289, 1291 (10th Cir. 2007) (<u>citing</u>

<u>United States v. Olano</u>, 507 U.S. 725, 732, (1993)).

Defendant first challenges Jury Instruction 28, arguing it failed to properly instruct

on the intent necessary to satisfy the element of "corruptly" under 18 U.S.C. § 666(a)(1)(B).

In relevant part that statute states,

> (a) Whoever . . .
>> (1) being an agent of . . . a State, . . . or any agency thereof - -
>> . . . .
>>> (B) corruptly solicits or demands for the benefit of any person,
>>> or accepts or agrees to accept, anything of value from any
>>> person, intending to be influenced or rewarded in connection
>>> with any business, transaction, or series of transactions of such
>>> organization, government, or agency . . . .

Defendant argues that a portion of Instruction 28 improperly focused the issue on someone other than himself. Specifically, Defendant challenges the following sentence: "A person acts corruptly when that person acts with the understanding that something of value is to be offered or given to influence him in connection with his official duties." (Dkt. No. 175, p. 73.).

Defendant also challenges Instruction 28, arguing that it did not include the quid pro quo requirement. Once again Defendant argues that certain portions of the instruction focused on the payor's intent, not Morgan's intent. That is, Defendant argues that the government failed to offer any evidence that Mr. Crosby's actions were in exchange for a specific act by Mr. Morgan.

Defendant next challenges Instruction 6, which was a general intent instruction, arguing that its language was not only unnecessary but erroneous because it confused the jury as to the level of intent required by § 666. Defendant argues that the Court's Instruction 7, which was a good faith instruction regarding the honest services and mail fraud counts, erroneously instructed the jury that good faith was not an available defense under bribery. Finally, Defendant objects to Instruction 29, which addressed deliberate ignorance. Defendant argues this instruction, as given, was modified from the Circuit pattern instruction and was given in an instance where it should not be given. Defendant argues Plaintiff failed to offer any evidence about what he ignored.

Each of Defendant's challenges to the jury instructions erroneously focuses on a very narrow portion of the instruction and often on a single sentence of a single instruction. The Tenth Circuit has made clear that such a narrow reading is improper:

> The appropriate standard of review for challenges to jury instructions is whether the jury, considering the instructions as a whole, was misled. United States v. Mullins, 4 F.3d 898, 900 (10th Cir. 1993). Only where the reviewing court has "substantial doubt that the jury was fairly guided" will the judgment be disturbed. Id.

United States v. Smith, 13 F.3d 1421, 1424 (10th Cir. 1994). Each of the instructions challenged by Defendant correctly stated the applicable law and when read in conjunction with the other instructions informed the jury of that law.

Finally, even accepting Defendant's arguments to the various instructions as valid, the Court finds any such error does not rise to the level of plain error, as it did not so seriously affect the fairness, integrity, or public reputation of the judicial proceedings that the Court should grant a new trial. Accordingly, Defendant's challenges to the jury instructions do not warrant a new trial.

## 2. Undisclosed Agreements

Defendant's next basis for a new trial hinges upon alleged failures by the government to disclose several tacit agreements with Sam Crosby and the government's failure to correct the record when false testimony and/or evidence was introduced. When a motion for new trial is based on an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963), the Defendant must demonstrate "(1) the prosecution suppressed evidence, (2) the evidence was favorable to defendant, and (3) the evidence was material." Quintanilla, 193 F.3d at 1149.

The Court should grant a new trial based on an alleged <u>Brady</u> violation "'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.'" <u>United States v. Page</u>, 828 F.2d 1476, 1497 (10th Cir. 1987) (<u>quoting</u> <u>United States v. Bagley</u>. 474 U.S. 667, 682 (1985)).

Defendant points to several issues related to Mr. Crosby which he argues demonstrate the clear existence of tacit agreements between Mr. Crosby and the government. Defendant further argues that the failure of the government to disclose these agreements and/or the failure to correct any misperception by the jury related to the decision not to prosecute Mr. Crosby amounts to a violation which entitles him to a new trial.

In support of his position, Defendant offers the following examples that he argues demonstrate the existence of undisclosed agreements with Mr. Crosby:

(1)     the jury was incorrectly led to believe the government's only agreement or offer of forbearance in exchange for the testimony was an expectation of leniency in his bank fraud case;

(2)     there was an undisclosed tacit agreement that Mr. Crosby would not be prosecuted for bribing Defendant Morgan;

(3)     there was an undisclosed tacit agreement that Mr. Crosby would not be prosecuted for securities fraud by the Department of Justice;

(4)     there was an undisclosed tacit agreement the government would not seek forfeiture of Crosby's assets obtained from federal crimes and would not trace his assets;

(5)     there was a tacit agreement not to pursue the financial fruits of Mr. Crosby's money laundering, mail fraud, securities fraud, and bank fraud, which allowed him to misrepresent his assets to the probation office; and

(6)     there was an undisclosed tacit agreement that Crosby's daughter would not be prosecuted for her conspiracy in aiding and abetting the fraudulent sale of cattle to Legacy Bank.

After consideration of the arguments raised by Defendant related to the purported agreements, and Defendant's motion for additional discovery to flesh out his claims of nondisclosure, the Court finds Defendant fails to demonstrate the failure by Plaintiff to make the necessary disclosures under <u>Brady</u>. As the government notes, substantial information related to Mr. Crosby's criminal activity and any motivation he may have had to testify was disclosed to Defendant early. Indeed, all of the information then in existence which related to Mr. Crosby's alleged criminal activity was disclosed to Defendant well in advance of trial. When Defendant's counsel requested Mr. Crosby's presentence report, Plaintiff noted it had no objection and the matter immediately proceeded to the Court for approval of its disclosure, which was granted well in advance of trial. Defendant was given everything related to Mr. Crosby he needed to challenge his testimony at trial. Numerous instances of Mr. Crosby's wrongdoing and dishonest conduct were brought before the jury and those

matters were reiterated to the jury in closing argument. Even if there were additional agreements with Mr. Crosby and those agreements had been disclosed by the government, that additional evidence could not have so further affected the jury's evaluation of Mr. Crosby that the outcome would be different. See United States v. Cooper, 654 F.3d 1104, 1114 (10th Cir. 2011) ( "[B]ecause the impeachment evidence was merely cumulative, we are not convinced that the government's suppression undermines confidence in the outcome of Mr. Cooper's trial.") Id. at 1122. See also Akrawi v. Booker, 572 F.3d 252, 264 (6th Cir. 2009) (an undisclosed assurance of favorable treatment would not "have so altered the jury's assessment of [the witness's] already suspect credibility as to give rise to a reasonable probability that the outcome of the trial would have been different.") Accordingly, Defendant has failed to demonstrate that any alleged failure to disclose was material, as required by Brady.

**3. Improper Joinder**

Finally, Defendant seeks to renew his argument that joinder was improper under Rule 14. The Court's earlier rulings have explained the reasons for its denials of severance and the reasons why the joinder under Rule 14 was proper and there is no point in revisiting those explanations here. Suffice it to say that as the government notes, Defendant "must demonstrate actual prejudice and not merely a negative spill-over effect from damaging evidence presented against co-defendants." United States v. Wacker, 72 F.3d 1453, 1468 (10th Cir. 1995). Defendant's arguments in his present brief simply fail to demonstrate any prejudice. Indeed, the various verdicts rendered against the various defendants in this matter

make it clear that the jury was capable of separating the evidence as to each defendant and the alleged conduct related to each entity. Accordingly, Defendant's Motion for New Trial based on improper joinder will be denied.

For the reasons set forth more fully herein, the Court finds that Defendant's Motion for New Trial (Dkt. No. 234) is DENIED. Likewise, Defendant's Motion for Discovery of All Government Express, Implied or Tacit Leniency Agreements and Request for Evidentiary Hearing (Dkt. No. 235) is DENIED.

IT IS SO ORDERED this 7th day of September, 2012.

ROBIN J. CAUTHRON
United States District Judge